# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF OREGON

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 3:91-cr-00281 |
|                 Plaintiff, | STIPULATION AND ORDER TO AMEND PREVIOUSLY-ENTERED JUDGEMENT |
| v. | |
| ROBERT A. KELLEY, | |
|                 Defendant. | |

This matter is before the Court upon the parties' agreement that, in the interests of justice and without precedential effect, new facts relevant to disposition of the supervised release violation in the form of Governor Brown's commutation of Mr. Kelley's state sentence to life without parole and his state post-prison supervision for life (Attachment A) warrant this Court's exercise of jurisdiction under 18 U.S.C. § 3582(c)(1)(A)(i), as extraordinary and compelling reasons, to reduce Mr. Kelley's revocation sanction filed on May 10, 1995 (Attachment B) to time served and impose a one-year term of supervised release with standard conditions and the special condition that Mr. Kelley be required to reside in the Northwest Regional Reentry Center for up to 120 days.

The defendant has consulted with counsel and agreed to waive his right to a re-sentencing hearing and allocution and consents to entry of the amended judgment.

Based on the agreement of the parties, the motion for a sentence reduction, and the grounds for the state commutation (summarized in Attachment C), and the Court concurring that, under the

Page 1   STIPULATION AND ORDER TO AMEND PREVIOUSLY-ENTERED JUDGEMENT

sentencing factors under 18 U.S.C. §§ 3553(a) and 3583(e), this disposition is sufficient but not greater than necessary to achieve the purposes of sentencing,

IT IS ORDERED that the supervised release revocation and sanction imposed on May 10, 1995, is vacated and shall be replaced with an amended judgment imposing a sanction of time served followed by a one-year term of supervised release on standard conditions and the special condition that Mr. Kelley be required to reside in the Northwest Regional Reentry Center for up to 120 days.

IT IS FURTHER ORDERED that this Order shall be effective on February 6, 2023, in order for the Probation Office to arrange for the residence at the Northwest Regional Reentry Center upon Mr. Kelley's release from state custody.

Dated this  1st   day of February, 2023.

_____
Michael H. Simon
United States District Judge


Presented upon agreement of the parties by:

NATALIE K. WIGHT
United States Attorney

 *s/ Craig Gabriel*
CRAIG GABRIEL
Assistant United States Attorney

*s/ Stephen R. Sady*
STEPHEN R. SADY
Chief Deputy Federal Public Defender
Counsel for Defendant

Page 2   STIPULATION AND ORDER TO AMEND PREVIOUSLY-ENTERED JUDGEMENT



Kate Brown
Governor

## CONDITIONAL AND REVOCABLE COMMUTATION OF SENTENCE

**WHEREAS,** Robert Anthony Kelley was convicted in Multnomah County, Oregon, of the crimes of Aggravated Murder and Robbery in the First Degree, Case No. 94-03-32083, pursuant to Judgment of Conviction dated August 31, 1994; and was convicted in Marion County, Oregon, of the crime of Unlawful Possession of a Weapon by a Prison Inmate, Case No. 96C20385, pursuant to Judgment of Conviction dated November 21, 1996; and

**WHEREAS,** Robert Anthony Kelley was sentenced in Case No. 94-03-32083 to life imprisonment without the possibility of parole and a term of lifetime post-prison supervision, and ordered to pay restitution, fees and assessments; and was sentenced in Case No. 96C20385 to incarceration with the Oregon Department of Corrections for a period of 36 months and a term of 36 months post-prison supervision, and ordered to pay restitution, fees and assessments; and

**WHEREAS,** Robert Anthony Kelley has been incarcerated by the Oregon Department of Corrections for over 28 years and during that time has demonstrated exemplary progress and considerable evidence of rehabilitation; and

**WHEREAS,** Robert Anthony Kelley has requested that the Governor of Oregon commute his remaining terms of incarceration in recognition of his rehabilitation and accomplishments, and so that he may begin his life anew as a productive citizen; and

**WHEREAS,** the continued incarceration of Robert Anthony Kelley in Oregon's prison system does not serve the best interests of the State of Oregon or of Robert Anthony Kelley;

**NOW THEREFORE,** by virtue of the authority vested in me under Article V, Section 14, of the Oregon Constitution, I, Kate Brown, Governor of the State of Oregon, hereby commute the remaining terms of incarceration of Robert Anthony Kelley under the above-referenced Judgment of Conviction, effective as of the 6th day of February, 2023, immediately upon execution of this order, and subject to the following conditions:

1. From the effective date of this order through the end of his post-prison supervision calculated to be the remainder of his life, Robert Anthony Kelley shall not violate any state or federal law; and

**254 STATE CAPITOL, SALEM OR 97301-4047 (503) 378-3111 FAX (503) 378-8970**
**WWW.GOVERNOR.OREGON.GOV**



Attachment A
Page 1 of 5

**CONDITIONAL AND REVOCABLE**
**COMMUTATION OF SENTENCE**
**PAGE TWO**

2. Robert Anthony Kelley shall agree to, and abide by, the terms specified in the Agreement Accepting Conditional and Revocable Commutation; and

3. This order does not relieve Robert Anthony Kelley of post-prison supervision; and

4. If the Governor of the State of Oregon should determine in his or her judgment that Robert Anthony Kelley has violated any of the conditions of this conditional and revocable commutation, such commutation shall be revoked and Robert Anthony Kelley shall be returned to prison to serve out his sentence that was remaining at the time this commutation was granted according to the terms of the Judgment of Conviction.

Done before me at Salem, Oregon this 6th day of January, 2023.

*Kate Brown*

KATE BROWN
GOVERNOR

ATTEST: *[signature]*

SHEMIA FAGAN
SECRETARY OF STATE



KATE BROWN
Governor

# AGREEMENT ACCEPTING
# CONDITIONAL AND REVOCABLE COMMUTATION

**WHEREAS,** Robert Anthony Kelley has requested that the Governor of the State of Oregon commute his remaining term of incarceration under the August 31, 1994, Judgment of Conviction in Multnomah County Court Case No. 94-03-32083; and of his remaining term of incarceration under the November 21, 1996, Judgment of Conviction in Marion County Circuit court Case No. 96C20385; and

**WHEREAS,** the commutation power granted to the Governor of the State of Oregon by Article V, Section 14, of the Oregon Constitution and ORS 144.649 is discretionary and the Governor is willing to grant a commutation to Robert Anthony Kelley only as provided in this agreement,

**THEREFORE,** Robert Anthony Kelley agrees and promises that, if the Governor of the State of Oregon commutes his sentence as provided in the Order Granting Conditional and Revocable Commutation of Sentence attached hereto as Exhibit A:

1. From the effective date of that order through the remainder of his life, he shall not violate any state or federal law; and

2. He shall abide by the terms of the post-prison supervision that is imposed in connection with his Judgment of Conviction; and

3. If the Governor of the State of Oregon should determine in his or her sole judgment that Robert Anthony Kelley has violated any of the conditions of this conditional and revocable commutation, the Governor may revoke such commutation and require that Robert Anthony Kelley return to prison to serve out his sentence that was remaining at the time his commutation was granted according to the terms of the Judgment of Conviction. Robert Anthony Kelley hereby waives any potential objection or challenge to having the commutation revoked and being returned to prison under such a determination, including an application for a writ of habeas corpus.

I have carefully reviewed both this document and Exhibit A and consulted with my attorney and I hereby agree to its terms

_Robert Anthony Kelley_
Robert Anthony Kelley

SUBSCRIBED AND SWORN to before me this _10th_ day of _January_ ~~2022~~ 2023

Notary Public for Oregon: _____
My commission expires: _10·14·2024_

APPROVED AS TO FORM:

_____
Aliza Kaplan
Attorney for Robert Anthony Kelley

**OFFICIAL STAMP**
**JOSEPH E. HARDING**
NOTARY PUBLIC - OREGON
COMMISSION NO. 1005088
MY COMMISSION EXPIRES OCTOBER 14, 2024

254 STATE CAPITOL, SALEM OR 97301-4047 (503) 378-3111 FAX (503) 378-6827
WWW.GOVERNOR.OREGON.GOV



Attachment A
Page 3 of 5

# EXHIBIT A



KATE BROWN
Governor

## CONDITIONAL AND REVOCABLE COMMUTATION OF SENTENCE

**WHEREAS,** Robert Anthony Kelley was convicted in Multnomah County, Oregon, of the crimes of Aggravated Murder and Robbery in the First Degree, Case No. 94-03-32083, pursuant to Judgment of Conviction dated August 31, 1994; and was convicted in Marion County, Oregon, of the crime of Unlawful Possession of a Weapon by a Prison Inmate, Case No. 96C20385, pursuant to Judgment of Conviction dated November 21, 1996; and

**WHEREAS,** Robert Anthony Kelley was sentenced in Case No. 94-03-32083 to life imprisonment without the possibility of parole and a term of lifetime post-prison supervision, and ordered to pay restitution, fees and assessments; and was sentenced in Case No. 96C20385 to incarceration with the Oregon Department of Corrections for a period of 36 months and a term of 36 months post-prison supervision, and ordered to pay restitution, fees and assessments; and

**WHEREAS,** Robert Anthony Kelley has been incarcerated by the Oregon Department of Corrections for over 28 years and during that time has demonstrated exemplary progress and considerable evidence of rehabilitation; and

**WHEREAS,** Robert Anthony Kelley has requested that the Governor of Oregon commute his remaining terms of incarceration in recognition of his rehabilitation and accomplishments, and so that he may begin his life anew as a productive citizen; and

**WHEREAS,** the continued incarceration of Robert Anthony Kelley in Oregon's prison system does not serve the best interests of the State of Oregon or of Robert Anthony Kelley;

**NOW THEREFORE,** by virtue of the authority vested in me under Article V, Section 14, of the Oregon Constitution, I, Kate Brown, Governor of the State of Oregon, hereby commute the remaining terms of incarceration of Robert Anthony Kelley under the above-referenced Judgment of Conviction, effective as of the 6th day of February, 2023, immediately upon execution of this order, and subject to the following conditions:

1. From the effective date of this order through the end of his post-prison supervision calculated to be the remainder of his life, Robert Anthony Kelley shall not violate any state or federal law; and

254 STATE CAPITOL, SALEM OR 97301-4047 (503) 378-3111 FAX (503) 378-8970
WWW.GOVERNOR.OREGON.GOV



**CONDITIONAL AND REVOCABLE**
**COMMUTATION OF SENTENCE**
**PAGE TWO**

2. Robert Anthony Kelley shall agree to, and abide by, the terms specified in the Agreement Accepting Conditional and Revocable Commutation; and

3. This order does not relieve Robert Anthony Kelley of post-prison supervision; and

4. If the Governor of the State of Oregon should determine in his or her judgment that Robert Anthony Kelley has violated any of the conditions of this conditional and revocable commutation, such commutation shall be revoked and Robert Anthony Kelley shall be returned to prison to serve out his sentence that was remaining at the time this commutation was granted according to the terms of the Judgment of Conviction.

Done before me at Salem, Oregon this 6th day of January, 2023.

KATE BROWN
GOVERNOR

ATTEST:

SHEMIA FAGAN
SECRETARY OF STATE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CR 91-281-01 |
| v. | ) ) | ORDER REVOKING SUPERVISED RELEASE AND IMPOSING SENTENCE |
| ROBERT ANTHONY KELLEY, | ) ) | |
| Defendant. | ) | |

On February 10, 1992, this Court sentenced defendant to the custody of the Bureau of Prisons for a period of 27 months, to be followed by a three-year term of supervised release. The supervised release term commenced on June 22, 1993.

On September 9, 1993, defendant appeared for a violation hearing and was continued under supervision.

On March 16, 1994, the Court modified defendant's supervision to include a 120-day community corrections center placement.

On March 22, 1994, the Honorable James M. Burns issued a warrant and an order to show cause why the term of supervision should not be revoked based on allegations by the probation officer that defendant had violated the conditions of supervised release. On April 28, 1995, this Court amended the original petition for warrant and order to show cause to include additional violations.

On May 8, 1995, defendant appeared with counsel for a hearing to determine if the term of

Page 1 - ORDER

supervised release should be revoked. Defendant admitted that he had committed four counts of Robbery I with a Firearm; three counts of Burglary I with a Firearm; three counts of Felon in Possession of a Firearm; Robbery II; Assault III; Assault II with a Firearm; Aggravated Murder; and failed to participate in a community corrections center placement.

It is the finding of this Court that defendant has engaged in conduct constituting federal, state, or local offenses punishable by a term of imprisonment exceeding one year that is a crime of violence.

It now appearing to the Court defendant is no longer suitable for community supervision,

IT IS ORDERED the supervised release term previously imposed is revoked and defendant is committed to the custody of the Bureau of Prisons for a period of 24 months. The sentence is ordered to run consecutive to the sentence imposed in Multnomah County Circuit Court case #94-03-32083.

DATED this _10_ day of May, 1995.

_____
U.S. District Judge

Page 2 - ORDER

**Excerpt from Governor Kate Brown's letter of January 9, 2023, to the Oregon President of the Senate and Speaker of the House regarding conditional commutations**

**Robert Kelley.** Mr. Kelley was convicted of Aggravated Murder, Robbery I, and Felon in Possession of a Weapon on August 13, 1994, and Unlawful Possession of a Weapon by a Prison Inmate on November 21, 1996, and sentenced to life in prison without the possibility of parole plus, consecutive 18 and 24 month sentences and 36 months of post-prison supervision, and ordered to pay fees and assessments. Since his incarceration, Mr. Kelley demonstrated excellent progress and extraordinary evidence of rehabilitation, including becoming highly engaged in restorative justice programs and mentoring other men in custody. Mr. Kelley expressed sincere remorse for his actions and took time to address the issues underlying his convictions. Mr. Kelley engaged in rehabilitative programming and proactively prepared himself for re-entry into the community. The Multnomah County District Attorney's office notified the victims that the clemency application had been submitted, kept them apprised of the case, and provided victim input to the Governor's office, which I considered in making my determination. District Attorney Mike Schmidt supported Mr. Kelley's application for clemency. I concluded that Mr. Kelley demonstrated excellent progress and extraordinary evidence of rehabilitation and that his continued incarceration does not serve the best interests of the State of Oregon.